IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL | : |
| ASBESTOS WORKERS | : |
| PENSION FUND, | : |
|     Plaintiff, | : |
| | :   CIVIL NO.: ELH-11-832 |
| v. | : |
| | : |
| IDEAL INSULATION INC., | : |
|     Defendant. | : |

…o0o…

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Entry of Default Judgment and Memorandum in Support that Plaintiff Trustees of the National Asbestos Workers Pension Fund ("NAW Fund") filed, ECF Nos. 7 and 7-1. Defendant Ideal Insulation Inc. has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On August 25, 2011, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to review Plaintiff's Motion and to make recommendations concerning damages. ECF No. 9. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, Plaintiff's Motion for Entry of Default Judgment be GRANTED.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed a Complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145 ("ERISA") and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), alleging that the Asbestos Workers Local Union No. 18

("the Union") entered into a Collective Bargaining Agreement ("CBA") with Defendant.  Compl. ¶¶ 2, 4, ECF No. 1. The CBA, along with the Restated Agreement and Declaration of Trust ("Trust Agreement"), established and maintained the NAW Fund, a "multiemployer employee benefit plan."  *Id.* ¶ 2. The CBA sets forth the "terms and conditions of employment for journeymen and apprentice insulators employed by the Defendant" and requires Defendant to make contributions to the NAW Fund at specified rates.  *Id.* ¶¶ 2, 4-5.  The CBA and Trust Agreement also provide the Trustees of the NAW Fund with the "authority to conduct an audit of the payroll and wage records of the Defendant [to determine] the accuracy of contributions to the NAW Fund."  *Id.* ¶ 8.  Additionally, the CBA and Trust Agreement require Defendant "to submit to the NAW Fund the records that were requested by the NAW Fund." *Id.* ¶ 12.  Pursuant to the Trust Agreement, in the event that Defendant, as the employer, "fails to pay contributions in a timely fashion," Defendant is liable for "liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs." *Id.* ¶ 14.

Defendant employed individuals covered by the CBA from January 2010 until the Complaint was filed, in March 2011. *Id.* ¶ 6.  In the Complaint, Plaintiff alleged that Defendant breached the Trust Agreement and CBA by failing to allow the NAW Fund to conduct an audit of Defendant's books and wage records to determine if Defendant owed any payments to the NAW Fund during that time period. *Id.* ¶¶ 9-11.  Plaintiff requests that "this Court enforce the terms of the Plan and order Defendant to permit a complete audit of its wages and payroll records . . . for the period of January 1, 2010 through the date of the audit." *Id.* ¶ A.  Further, Plaintiff asks the Court to enter judgment for an undetermined amount, to be "determined as

owing by the audit," as well as liquidated damages, interest, costs and expenses, and attorney's fees. *Id.* ¶¶ B-C.

Defendant, through its registered agent, Aaron R. Vansickle, was served by private process at Ideal Insulation Inc., located in Indianapolis, Indiana, on April 13, 2011. Aff. of Service, ECF No. 4. Defendant did not file an Answer, Motion to Dismiss, or Motion for Summary Judgment. On August 1, 2011, Plaintiff moved for Entry of Default as to Defendant, and the Clerk entered an Order of Default on August 3, 2011. ECF Nos. 6, 8.

Plaintiff filed the pending Motion for Entry of Default Judgment on August 1, 2011, asking the Clerk to "order Defendant to permit a complete audit of its wage and payroll records for the period of January 1, 2010 through the date of the audit," Pl.'s Mot. ¶ 1, and then to enter judgment against Defendant for the amount determined by the audit, as well as 1.5% interest, costs of $350.00, attorney's fees of $650.25, and related expenses. *Id.* ¶¶ 2-4. In support thereof, Plaintiff filed (1) the Declaration of Simone L. Rockstroh, (2) documentation of attorney's fees and costs, and (3) the Declaration of Charles W. Gilligan Regarding Attorneys' Fees and Costs. Pl.'s Mem. Ex. A-C, ECF Nos. 7-3, 7-4, 7-5.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974) (concluding that clerk could not enter default

judgment where damages were not liquidated), *reversed on other grounds*, 533 F.2d 891 (3d Cir. 1976).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

[T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages, as discussed *infra*. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ-09-1200, 2010 WL 2899036, at *2-3 (D. Md. June 17, 2010) (quoting *Ryan*, 253 F.3d at 780-81); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2688 (3d ed. 1998). However, "[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu*, 515 F.2d at 1206). This is because "the

party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)." Wright & Miller, *supra*, § 2685. Rather, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment." *Id*. Accordingly, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. § 2688; *see Ryan*, 253 F.3d at 780 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206)); *Agora Fin., LLC*, 2010 WL 2899036, at *3 (quoting *Ryan*, 253 F.3d at 780-81); *see also Ohio Cent. R.R. v. Cent. Trust Co.*, 133 U.S. 83, 91 (1890) (stating that even though plaintiff's allegations may be taken as true and "the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree"); *e.g.*, *Lawbaugh*, 359 F. Supp. 2d at 422 (D. Md. 2005) (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

More than six months have passed since Defendant was served the Complaint, yet Defendant has not pleaded or otherwise asserted a defense by filing a motion. Thus, all of Plaintiff's factual allegations in the Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Plaintiff moved for both an entry of default and a default judgment on August 1, 2011, and Defendant still did not respond. It is within the court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the

defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405-06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Thus, the Court should grant default judgment on this one-count Complaint if Plaintiff has established Defendant's liability.

With regard to liability, LMRA and ERISA "authorize parties to enforce the provisions of their collective bargaining agreements." *Bd. of Trs. of Operating Engineers Local 37 Ben. Fund v. Fraternal Order of Eagles Cumberland No. 245* (*"Operating Engineers Local 37"*), 2010 WL 4806975, at *2 (D. Md. Nov. 18, 2010). As this Court noted in *Operating Engineers Local 37*, 2010 WL 4806975, at *2:

> 29 U.S.C. § 185 provides jurisdiction in United States district courts over suits alleging violations of a contract between an employer and a labor organization. 29 U.S.C. § 1145 mandates that employers subject to a multi-employer plan or collective bargaining agreement shall make contributions in accordance with the terms of the plan or agreement. 29 U.S.C. § 1132(g)(2) provides for the recovery of damages in any action brought to enforce the payment of unpaid contributions.

According to Plaintiff's well-pleaded allegations, Defendant was party to a CBA that authorized the NAW Fund to audit Defendant's payroll and wage records to determine the accuracy of Defendant's contributions. Compl. ¶ 8. The CBA also required Defendant to submit to the NAW Fund's auditor any requested records. *Id.* ¶ 12. However, Defendant failed to allow the Trustees of the NAW Fund to conduct a complete audit of its wage and payroll records for the period of January 1, 2010 through the date of the audit and to provide records in response to the NAW Fund's request. *Id.* ¶¶ 9-11. On that basis, the statutory remedies under 29 U.S.C.

§ 1132(g)(2) should be available to Plaintiff, and the Court should grant Plaintiff's Motion for Entry of Default Judgment.

### B. Damages and Injunctive Relief

Although liability has been established, an allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."). Therefore, with respect to a default judgment, "[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same). Yet, the Court may award damages without a hearing if the record supports the damages requested. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought). *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default

judgment against defendant because plaintiff submitted invoices documenting the money owed to plaintiff); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence").

In conjunction with a default judgment, the Court also may order injunctive relief. *See Flynn v. Jocanz*, 480 F. Supp. 2d 218, 221 (D.D.C. 2007) (concluding, after reviewing plaintiff's submissions, that plaintiff's requested injunctive relief, i.e., that "defendants be 'directed to comply with its obligations to report and to contribute to [specific unions and funds] all additional reports, contributions, and dues checkoff money due and owing' under the Collective Bargaining Agreement," was appropriate); *Wine v. SCH Elec., LLC*, No. CV08-0874-PHX-LOA, 2008 WL 4073853, at *4 (D. Ariz. Aug. 28, 2008) (concluding, after an evidentiary hearing, that entry of an order requiring defendant employer to file timely contribution forms and to timely pay contributions constituted such "'other legal or equitable relief as the Court deem[ed] appropriate'" and therefore was appropriate in an ERISA action) (quoting 29 U.S.C. § 1132(g)(2)(E)); *Disney Enters.*, 446 F. Supp. 2d at 405-06 (granting a permanent injunction on default judgment); *DirecTV*, 2005 WL 3435030, at *4 (granting injunctive relief on default judgment).

*Flynn*, 480 F. Supp. 2d at 219-20, is informative.  There, the defendant/employer was bound by collective agreements formed pursuant to ERISA to provide financial contributions at

set times and amounts to the union and its members' funds. The District Court for the District of Columbia granted the plaintiff's request for future injunctive relief requiring the defendant to comply with its obligations, reasoning that:

> among the powers that Congress delegated to district courts in ERISA actions involving delinquent contributions is not only the power to award the plan, *inter alia,* unpaid contributions, interest on unpaid contributions, liquidated damages, reasonable attorney's fees, and/or litigation costs, *see* 29 U.S.C. § 1132(g)(2)(A)-(D), but the broad discretionary power to award fiduciary plaintiffs "such other legal or equitable relief as the court deems appropriate," 29 U.S.C. § 1132(g)(2)(E).

*Id.* at 221. Notably, the court did not hold a hearing on the matter. *Id.*

Similarly, in *Wine*, 2008 WL 4073853, the defendant was an employer who was bound to contribution funds under the Taft-Hartley Act and ERISA. *Id.* at *1. There, after holding an evidentiary hearing on damages, the Court stated that injunctive relief in the form of requiring the defendant to fill out contribution forms and pay the contributions in a timely manner was appropriate. *Id.* at *4. It reasoned, *id.*:

> As Defendant Employer has not filed contribution reporting forms for the months of February, 2008 through July, 2008, Plaintiffs cannot calculate the amount due. Accordingly, given the Court's authority under, ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2) (E), to grant such "other legal or equitable relief as the Court deems appropriate," the Court concludes that it is fair and just to enter an order that Defendant Employer shall file, within 10-days of service of certified copies of these Finding of Fact and Conclusions of Law and Default Judgment upon its authorized agent, accurate delinquent contribution reporting forms for the months of February, 2008 through July 2008 and shall pay all contributions shown to be due for such reported work for the months of February, 2008 through July, 2008.

Here, Plaintiff seeks damages pursuant to 29 U.S.C. § 1132(g)(2), which provides that, following judgment in favor of an employee benefit plan, the Court shall award:

> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of—

9

      (i) interest on the unpaid contributions, or

      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)   such other legal or equitable relief as the court deems appropriate.

As Defendant has not allowed Plaintiff to conduct an audit of Defendant's payroll and wage records and has not submitted to Plaintiff the records requested by Plaintiff's auditor, Plaintiff cannot calculate the amount due as damages. Therefore, Plaintiff has asked for injunctive relief, similar to the plaintiffs in *Flynn*, 480 F. Supp. 2d 218, and *Wine*, 2008 WL 4073853, pursuant to Defendant's obligations under ERISA. Although Plaintiff has not provided the Court with copies of the CBA and Trust Agreement, Plaintiff has submitted to the Court the Declaration of Simone L. Rockstroh, the Administrative Agent for the NAW Fund. Rockstroh Decl. ¶ 1. This evidence establishes that Defendant entered into the CBA with the Union, agreed to pay the NAW Fund "certain sums of money for each hour worked by employees of Defendant covered by the [CBA]," and is bound by the Trust Agreement. *Id*. ¶¶ 2-5. Additionally, the CBA and Trust Agreement gave the NAW Fund "the authority to conduct an audit of the payroll and wage records of Defendant" and required Defendant to "submit to the NAW Fund the records that were requested by the NAW Fund's auditor." *Id.* ¶¶ 6, 10.

Therefore, I recommend that the Court order Defendant to allow Plaintiff's auditor to conduct an audit from January 1, 2010 through the date of the audit, which I recommend that the Court order to take place within fourteen (14) days of the Court's order. Further, I recommend that the Court order Defendant to produce any records requested by Plaintiff's auditor within

fourteen (14) days of the date of the auditor's request, and to pay all contributions shown to be due for such reported work within thirty (30) days of receipt of the auditor's report. Further, I recommend that the Court order that Defendant comply in the future with its obligation to allow Plaintiff to conduct an audit of Defendant's wage and payroll records and submit records requested by Plaintiff's auditor.

### C. Attorney's Fees and Costs

Attorney's fees and costs are available in an ERISA action. 29 U.S.C. § 1132(g)(2)(D). Indeed, pursuant to 29 U.S.C. § 1132(g)(2)(D), when the Court enters judgment in favor of the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.,* 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). The plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending,* No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after an initial determination that the attorney's hourly rate was reasonable for the particular district, that attorney's fees requested by Plaintiff, based on documentation of hours worked and tasks completed, were reasonable); *Flynn*, 480 F. Supp. 2d at 220-21 (awarding requested attorney's fees based on affidavits and the record). Of import, Appendix B to this Court's Local Rules,

Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, states that attorneys admitted to the bar for fifteen or more years may reasonably bill $275-400 per hour, and paralegals may reasonably bill $95-115 per hour. Local Rules App'x B, at 3.d-e.

Here, Plaintiff asks for $1,000.25 in attorney's fees and costs and offers a declaration in support of the amount requested. Gilligan Decl. ¶ 6. Charles W. Gilligan, an attorney admitted to the bar for well over fifteen years,[1] billed Plaintiff for half an hour of work at $208.00 per hour for attorney time and 4.75 hours of work at $115.00 per hour for paralegal time. *Id.* ¶ 4. This time was billed for preparing and reviewing the complaint and motions for default judgment. ECF No. 7-4. Given that Mr. Gilligan billed at a rate well below the Guidelines for an attorney of his experience and at a rate within the Guidelines for his paralegal, I find that $650.25 for 5.25 hours is reasonable under the Local Rules Guidelines. *See* Local Rules App'x B, at 3.d-e. Moreover, I find that 5.25 hours is a reasonable amount of time to spend preparing and reviewing the Complaint and the motions in this case. Also, Plaintiff incurred costs of $350.00 in the filing of the Complaint in this matter. *Id.* ¶ 5. I find that those costs are reasonable.

Therefore, I recommend that the Court grant relief in the form of payment by Defendant of $650.25 in attorney's fees, and $350.00 in costs, for a total award for fees and costs of $1,000.25.

### III.   CONCLUSION

In sum, I recommend that:

(1) the Court grant Plaintiff's Motion for Entry of Default Judgment;

(2) the Court grant Plaintiff injunctive relief, namely by ordering Defendant

---

[1] The Court notes that Mr. Gilligan has been a partner at O'Donoghue & O'Donoghue LLP since 1993. *See* http://odonoghuelaw.com/public/AttorneyGilligan.htm; Fed. R. Evid. 201.

(a) to allow Plaintiff's auditor to conduct an audit from January 1, 2010 through the date of the audit, within fourteen (14) days of the Court's order;

(b) to produce any records requested by Plaintiff's auditor within fourteen (14) days of the date of the auditor's request;

(c) to pay all contributions shown to be due for such reported work within thirty (30) days of receipt of the auditor's report; and

(d) to comply in the future with its obligation to Plaintiff in the manner required by its CBA and Trust Agreement; and

(3) the Court award Plaintiff $1,000.25 in attorney's fees and costs.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

A proposed Order follows.

Dated: October 27, 2011                                 /s/
                                                        Paul W. Grimm
                                                        United States Magistrate Judge

ag/lyb

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ASBESTOS WORKERS PENSION FUND, <br>     Plaintiff, <br><br> v. <br><br> IDEAL INSULATION INC., <br>     Defendant. | : <br> : <br> : <br> : <br> :    **CIVIL NO.: ELH-11-832** <br> : <br> : <br> : |

…o0o…

**ORDER**

For the reasons stated in the Report and Recommendation that United States Magistrate Judge Paul W. Grimm submitted on October 27, 2011, and the time for filing objections to the Report and Recommendation having passed, it is, this _____th day of _____, 2011,

ORDERED that

(1) Plaintiff's Motion for Entry of Default Judgment is GRANTED;

(2) Defendant shall

  (a) allow Plaintiff's auditor to conduct an audit from January 1, 2010 through the date of the audit, within fourteen (14) days of the date of this Order;

  (b) produce any records requested by Plaintiff's auditor within fourteen (14) days of the date of the auditor's request;

  (c) pay all contributions shown to be due for such reported work within thirty (30) days of receipt of the auditor's report; and

  (d) comply in the future with its obligation to Plaintiff in the manner required by its CBA and Trust Agreement; and

(3) Plaintiff is AWARDED $1,000.25 in attorney's fees and costs.

 

                                                                                                       Ellen Lipton Hollander
                                                                                                       United States District Judge